IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**LOU E. HERNANDEZ,**

        **Plaintiff,**

v.　　　　　　　　　　　　　　　　　　　　　　　　　　**CIV 05-0661 LAM**

**JO ANNE B. BARNHART,**
**Commissioner, Social Security Administration,**

        **Defendant.**

# MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on ***Plaintiff's Motion to Reverse and Remand for a Rehearing*** (*Doc. 11*) filed on November 8, 2005. In accordance with 28 U.S.C. § 636(c)(1) and Fed. R. Civ. P. 73(b), the parties have consented to having the undersigned United States Magistrate Judge conduct all proceedings and enter final judgment in this case. The Court has reviewed Plaintiff's motion and the memorandum in support of the motion (*Doc. 12*), Defendant's response to the motion (*Doc. 13*), Plaintiff's reply to the response (*Doc. 14*), and relevant law. Additionally, the Court has meticulously reviewed and considered the entire administrative record (hereinafter "*Record*" or "*R.*"). For the reasons set forth below, the Court **FINDS** that Plaintiff's motion should be **GRANTED** and this case remanded to the Commissioner of Social Security (hereinafter "Commissioner") for further proceedings consistent with this Memorandum Opinion and Order.

## I.  Procedural History

On July 15, 2003, Plaintiff, Lou E. Hernandez, applied for Disability Insurance Benefits. *R. at 40-42.* In connection with her application, she alleged a disability since May 15, 2002. *R. at 40.* In

connection with her application, Plaintiff alleged a disability due to arthritis and osteoporosis. *R. at 53.* There is also some evidence in the *Record* that Plaintiff suffers from, or complains of, chronic obstructive pulmonary disease. *R. at 146.* Plaintiff's application was denied at the initial and reconsideration levels on January 14 and 24, 2004, respectively. *R. at 24, 26-30, and 25, 33-37, respectively.*

An administrative law judge (hereinafter "ALJ") conducted a hearing on December 15, 2004. *R. at 154-163.* Plaintiff was present but did not testify at the hearing. *Id.* Plaintiff was represented by counsel at the hearing. *R. at 154.* On January 26, 2005, the ALJ issued her decision in which she found that Plaintiff was not disabled at step four of the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520. *R. at 11-18 .* The ALJ made the following findings, *inter alia*, with regard to Plaintiff: (1) she met the nondisability requirements for a period of disability and Disability Insurance Benefits and was insured for benefits through the date of the decision; (2) she had not engaged in substantial gainful activity since the alleged onset of disability; (3) she had a combination of impairments that are considered "severe" based on the requirements in the Social Security regulations;[1] (4) her impairments did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4; (5) her allegations regarding her vocational limitations were not totally credible; (6) she had the residual functional capacity (hereinafter "RFC") compatible with the performance of "light" work;[2] (7) her past relevant work as an account executive and

---

[1] Under relevant Social Security regulations, an impairment is "severe" if it significantly limits a claimant's physical or mental ability to do basic work activities. See 20 C.F.R. § 404.1520(c). The ALJ found that Plaintiff had the following impairments, considered "severe" under the regulations: degenerative changes at multiple lumbar levels and bulges at L4-5 and L5-S1 and arthritic activity in her cervical area and hands. *R. at 16.*

[2] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm

automobile salesperson did not require the performance of work-related activities precluded by her residual functional capacity; (8) her impairments did not prevent her from performing her past relevant work; and (9) she had not been under a "disability" as defined in the Social Security Act, at any time through the date of the decision. *R. at 17-18.*

After the ALJ issued her decision, Plaintiff filed a request for review. *R. at 10.* On May 24, 2005, the Appeals Council issued its decision denying her request and upholding the decision of the ALJ. (*R. at 5.*) On June 14, 2005, Plaintiff filed her complaint in this action. *Doc. 1.*

## II.  Standard of Review

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether she applied the correct legal standards. *See Hamilton v. Sec'y. of Health & Human Services*, 961 F.2d 1495, 1497-1498 (10th Cir. 1992). If substantial evidence supports the ALJ's findings and the correct legal standards were applied, the Commissioner's decision stands and Plaintiff is not entitled to relief. *See, e.g., Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). This Court's assessment is based on a meticulous review of the entire record, where the Court can neither re-weigh the evidence nor substitute its judgment for that of the agency. *See Hamlin*, 365 F.3d at 1214; *see also Langley*, 373 F.3d at 1118. "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118 (citation and quotation

---

or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

omitted); *see also Hamlin*, 365 F.3d at 1214; *Doyal*, 331 F.3d at 760. An ALJ's decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Langley*, 373 F.3d at 1118 (citation and quotation omitted); *see also Hamlin*, 365 F.3d at 1214. While the Court may not reweigh the evidence or try the issues *de novo,* its examination of the record as a whole must include "anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005) (citations omitted).

For purposes of disability insurance benefits, a person is considered to be disabled if he or she "is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 [twelve] months." 42 U.S.C. § 423(d)(1)(A). A five-step sequential evaluation process has been established for evaluating a disability claim. *See Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); *see also* 20 C.F.R. §§ 404.1520. At the first four levels of the sequential evaluation process, the claimant must show that she is not engaged in substantial gainful activity; that she has a medically severe impairment or combination of impairments; and that either her impairment(s) meet or equal one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Pt. 404, Subpt. P, App. 1,[3] or that she is unable to perform her past relevant work. *See Grogan v. Barnhart,* 399 F.3d at 1261 (10th Cir. 2005); 20 C.F.R. § 404.1520(a)(4). At the fifth step of the evaluation process, the burden of proof shifts to the

---

[3]If claimant can show that her impairment meets or equals a listed impairment, and also meets the duration requirement in 20 C.F.R. §§ 404.1509 (requiring that an impairment have lasted or be expected to last for a continuous period of at least twelve months), she will be found disabled. *See* 20 C.F.R. §§ 404.1520(a)(4)(iii) and 1520(d).

Commissioner to show that the claimant is able to perform other work, considering her RFC, age, education, and work experience. *Id.*

### III. Discussion/Analysis

In the *Motion to Reverse and Remand*, Plaintiff raises three issues: (1) that the ALJ denied Plaintiff due process of law by failing to schedule a supplemental hearing and by failing to hear her testimony; (2) that the ALJ erred in the analysis of Plaintiff's residual functional capacity and, therefore, her ability to return to her past relevant work; and (3) that the ALJ's credibility finding was incomplete without the benefit of Plaintiff's testimony and, therefore, not based on substantial evidence.

On December 15, 2004, the ALJ held a hearing *(R. at 154-163)* at Plaintiff's request *(R. at 38).* During the hearing, the ALJ and Plaintiff's attorney discussed Plaintiff's past work and medical condition and agreed that Plaintiff would request an MSS (medical source statement) from her treating physician for submission to the ALJ within two weeks. *R. at 162.* The ALJ stated, "If that [MSS] doesn't settle it, we'll get you in for a quick supplemental hearing." *R. at 162.* Although the ALJ's decision <u>erroneously</u> states that Plaintiff "testified" at the December 15, 2004 hearing *(R. at 14, 16),* no testimony was taken at the hearing. *R. at 155.* Plaintiff admits she failed to submit the additional evidence from her treating physician. *Plaintiff's Reply, Doc. 14* at 1. The ALJ issued an unfavorable decision on January 26, 2005, without a continuation of the hearing or a supplemental hearing. *R. at 11-18.*

"A claimant whose application for such benefits is denied is entitled to 'reasonable notice and opportunity for a hearing with respect to such decision.'" *Allison v. Heckler*, 711 F.2d 145, 147 (10th Cir. 1983), *citing* 42 U.S.C. § 405(b)(1). "This [disability] hearing is subject to procedural due

process considerations." *Allison,* 711 F.2d at 147 (citing *Richardson v. Perales*, 402 U.S. 389, 401-02, 91 S.Ct. 1420, 1427-1428 (1971)). Due process violations require the consideration of three distinct factors: "[f]irst, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893 (1976).

It is undisputed that a hearing was convened on December 15, 2004, with proper notice to Plaintiff and that she was represented by legal counsel at the hearing; however, the ALJ failed to take any testimony at the hearing. *R. at 155*. The ALJ opened the hearing and then essentially continued it so Plaintiff could provide additional evidence in the form of an MSS from her treating physician. *R. at 162*. It was reasonable for Plaintiff to assume, from the ALJ's statement regarding a future "quick supplemental hearing" *(id.),* that the ALJ would allow Plaintiff to testify at a future date, whether characterized as a supplemental hearing or a continuation of the first hearing. However, the ALJ never reopened the continued hearing or held a supplemental hearing as she promised; therefore, it is apparent that Plaintiff was not afforded a meaningful opportunity to testify at a hearing on the merits prior to the ALJ's decision.

Plaintiff also argues that the ALJ's failure to hold a supplemental hearing resulted in an incomplete record because Plaintiff did not testify regarding the duties of her past relevant work and her pain and its effect on her ability to function. *Memorandum in Support of Motion to Reverse and Remand for a Rehearing, Doc. 12* at 11. The Court agrees that, without Plaintiff's subjective

testimony, the record is incomplete. It is undisputed that the burden to prove disability in a social security case is on the claimant. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). However, the ALJ has a duty to develop the record, including a "basic obligation in every social security case to ensure that an adequate record is developed during the disability hearing consistent with the issues raised." *Henrie v. United States Dep't of Health & Human Serv.*, 13 F.3d 359, 360-61 (10th Cir. 1993). "[A] Social Security disability hearing is a nonadversarial proceeding, in which the ALJ has a basic duty of inquiry, 'to inform himself about facts relevant to his decision and to learn the claimant's own version of those facts.'" *Jordan v. Heckler*, 835 F.2d 1314, 1315 (10th Cir. 1987), (citing *Dixon v. Heckler,* 811 F.2d 506, 510 (10th Cir. 1987)). In *Henrie*, 13 F.3d at 360-61, the Tenth Circuit noted that an ALJ must develop the record "consistent with the issues raised" even when a claimant is represented by counsel. Agency regulations state that the ALJ "looks fully into the issues," questions claimant and witnesses (20 C.F.R. § 404.944),[4] and that the claimant "has a right to appear before the administrative law judge . . . to present evidence and to state his or her position . . . ." 20 C.F.R. § 404.950.[5] In this case, the ALJ failed to perform this basic duty of inquiry because she failed to afford Plaintiff a meaningful opportunity to testify.

---

[4] **20 C.F.R. § 404.944 Administrative law judge hearing procedures - - general.**

A hearing is open to the parties and to other persons the administrative law judge considers necessary and proper. At the hearing, **the administrative law judge looks fully into the issues, questions you and the other witnesses**, and accepts as evidence any documents that are material to the issues. The administrative law judge **may stop the hearing temporarily and continue it at a later date if he or she believes that there is material evidence missing at the hearing.** The administrative law judge may also reopen the hearing at any time before he or she mails a notice of the decision in order to receive new and material evidence. (emphasis added);

[5] **20 C.F.R. § 404.950 Presenting evidence at a hearing before an administrative law judge.**

(a) The right to appear and present evidence. Any party to a hearing has a right to appear before the administrative law judge . . . **to present evidence and to state his or her position**. . . . (emphasis added).

At step four, the ALJ has a duty to review the claimant's residual functional capacity and the physical and mental demands of the work she has done in the past. 20 C.F.R. §§ 404.1520(e) and (f). Social Security Ruling 82-62 defines the ALJ's duty more specifically, requiring her to make findings regarding the claimant's residual functional capacity, the physical and mental demands of prior jobs, and the ability of the claimant to return to past occupations given her residual functional capacity. S.S.R. 82-62. In this case, there was no inquiry by the ALJ into the nature of, and physical and mental demands associated with, Plaintiff's past occupations of account executive or automobile salesperson. Although the ALJ determined that Plaintiff could return to her past relevant work, the Court finds that the record is not sufficiently developed to support that ruling.

The Court finds that the ALJ failed to properly develop the record because she failed to elicit testimony regarding the duties required by Plaintiff's past relevant work and failed to question Plaintiff regarding her level of pain and its effects on her ability to function. The ALJ's failure to develop the record affected the disability analysis as a whole and, therefore, the Court does not address the other issues Plaintiff raises and expresses no opinion on the merits of Plaintiff's disability claim, but remands for further proceedings to complete the record.

## IV. Conclusion

In conclusion, the Court **FINDS** that the ALJ failed to properly develop the record and therefore, the administrative decision is not supported by substantial evidence. Accordingly, the Court will **GRANT** *Plaintiff's Motion to Reverse and Remand for a Rehearing* (*Doc. 11*) and **REMAND** this case to the Commissioner.

**WHEREFORE, IT IS HEREBY ORDERED** that the *Plaintiff's Motion to Reverse and Remand for a Rehearing* (*Doc. 11*) is **GRANTED** and this case is **REMANDED** to the

Commissioner for further proceedings in accordance with this Memorandum Opinion and Order. A final order will be entered concurrently with this Memorandum Opinion and Order.

**IT IS SO ORDERED.**

*Lourdes A. Martínez*
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**
**Presiding by Consent**